IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**BRYON DEAN WALLER,**

    **Plaintiff,**

vs.                            Case No. 4:12cv67-MP/WCS

**ST. CHARLES COUNTY**
**SHERIFFS OFFICE,**

    **Defendant.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983.  Doc. 1.  Plaintiff was granted leave to proceed *in forma pauperis*, docs. 2 and 4, and his initial partial filing fee has been paid.  Doc. 5.  The complaint has now been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff alleges that the St. Charles County, Missouri, Sheriff's Office "failed to shut down a critical drug house" and that failure "caused the wrongful death of James Byron Waller" who is Plaintiff's son.  Doc. 1.  The Defendants and the events of this case are located in St. Charles, Missouri.

There is no connection to the Northern District of Florida between the events alleged and the named Defendants.  The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 105(a) is in the United States District Court for the Eastern District of Missouri, Eastern Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988).  The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a).  See Lipofsky, 861 F.2d at 1259, n. 2.  Thus, it is recommended that the case be transferred rather than dismissed.  There is no need for a hearing on this transfer.  Cf. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) *with* Starnes v. McGuire, 512 F.2d 918, 934 (D.C. Cir. 1974).

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Eastern District of Missouri, Eastern Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 20, 2012.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.